**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| JEFFERSON PARISH SCHOOL BOARD, | : | |
| | : | Civil Action No. _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | Removed from: |
| | : | |
| INDIAN HARBOR INSURANCE COMPANY, | : | 24th Judicial District Court |
| QBE SPECIALTY INSURANCE COMPANY, | : | Parish of Jefferson |
| STEADFAST INSURANCE COMPANY, | : | |
| GENERAL SECURITY INDEMNITY | : | |
| COMPANY OF ARIZONA, UNITED | : | |
| SPECIALTY INSURANCE COMPANY, | : | |
| LEXINGTON INSURANCE COMPANY, OLD | : | |
| REPUBLIC UNION INSURANCE COMPANY, | : | |
| GEOVERA SPECIALTY INSURANCE | : | |
| COMPANY, TRANSVERSE SPECIALTY | : | |
| INSURANCE COMPANY, NATIONAL FIRE & | : | |
| MARINE INSURANCE COMPANY, ARCH | : | |
| SPECIALTY INSURANCE COMPANY, | : | |
| LANDMARK AMERICAN INSURANCE | : | |
| COMPANY, EVEREST INDEMNITY | : | |
| INSURANCE COMPANY, FIRST SPECIALTY | : | |
| INSURANCE CORPORATION, GREAT | : | |
| AMERICAN INSURANCE COMPANY, | : | |
| MITSUI SUMITOMO INSURANCE COMPANY | : | |
| OF AMERICA, INTERSTATE FIRE AND | : | |
| CASUALTY INSURANCE COMPANY, | : | |
| INDEPENDENT SPECIALTY INSURANCE | : | |
| COMPANY, and GUARANTEE | : | |
| RESTORATION SERVICES, L.L.C., | : | |
| | : | |
| Defendants. | : | |

## **NOTICE OF REMOVAL**

Defendant Swiss Re Corporation Solutions Capacity Insurance Corporation, formerly known as First Specialty Insurance Corporation ("Swiss Re") hereby removes the above-captioned action from the 24th Judicial District Court, Parish of Jefferson, Louisiana to the United States

1

District Court for the Eastern District of Louisiana. This removal arises under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Swiss Re states as follows:

1. On August 24, 2022, plaintiff Jefferson Parish School Board ("Jefferson Parish") filed a Petition for Damages (the "Petition") captioned *Jefferson Parish School Board v. Indian Harbor Insurance Company, et al.*, Docket No. 831-966 (the "State Court Action"), in the 24th Judicial District Court, Parish of Jefferson, Louisiana (the "State Court"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Petition is attached hereto as Exhibit A.

2. Through its Petition, the Jefferson Parish seeks insurance coverage from defendants Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, Transverse Specialty Insurance Company, National Fire & Marine Insurance Company, Arch Specialty Insurance Company, Landmark American Insurance Company, Everest Indemnity Insurance Company, Swiss Re, Great American Insurance Company, Mitsui Sumitomo Insurance Company of America, Interstate Fire and Casualty Insurance Company, and Independent Insurance Company (collectively, the "Insurer Defendants") for alleged damage to Jefferson Parish's properties in Jefferson Parish allegedly due to Hurricane Ida.

3. Swiss Re issued insurance contract number ESP 2002090 04 to Jefferson Parish, with a policy period of April 1, 2021 to April 1, 2022 (the "Swiss Re insurance contract"). A true and correct copy of the Swiss Re insurance contract is attached as Exhibit B.

4. The 24th Judicial District for the Parish of Jefferson, State of Louisiana is located within the Eastern District of Louisiana. 28 U.S.C. § 98(a). Therefore, this Court is the proper

venue for removal of this action pursuant to 28 U.S.C. § 1441(a) because this is the district and division where the State Court Action was pending.

## **GROUNDS FOR REMOVAL**

5. This State Court Action is removable and this court has original jurisdiction because there is complete federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441. As explained below, there is complete diversity between the parties once the improperly joined defendant is removed.

6. Removal is also proper because Jefferson Parish's claims are subject to an arbitration provision. Accordingly, Swiss Re did not and does not consent to submit to the exclusive jurisdiction of the Court removed from or this Court. See *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204-06 (5th Cir. 1991).

## **AMOUNT IN CONTROVERSY**

7. The removal of this case is authorized by the provisions of 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000.

8. In the Petition, Jefferson Parish claims that the Defendant Insurers "are severally liable to petitioner [Jefferson Parish] for $40,675,250.00 plus penalties and attorney fees on that several amount…." See Ex. A at ¶ IV. Pursuant to its 11.11% share, the Swiss Re insurance contract provides limits of $5 million per occurrence as part of $45 million per occurrence.

## **DIVERSITY OF CITIZENSHIP**

9. Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 28 U.S.C. § 1332(a)(1)-(2).

10. There is complete diversity of citizenship between plaintiff Jefferson Parish and all properly joined defendants.

11. Under 28 U.S.C. § 1332(c)(1), a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."

12. Jefferson Parish is an independent legislative body created under Louisiana Revised Statue §17:51 and therefore is a citizen of Louisiana. See Exhibit A at ¶ I. Jefferson Parish's principal place of business is in Louisiana.

13. Insurer Defendants are incorporated in states other than Louisiana and their principal places of business are not located in Louisiana. See Exhibit A at ¶ III.

14. In the Petition, Jefferson Parish alleges that Guarantee Restoration is a Louisiana limited liability corporation with a principal place of business in the Parish of Baton Rouge, Louisiana. The citizenship of Guarantee Restoration is determined by the citizenship of its members. The Petition does not allege the identity or citizenship of Guarantee Restoration's members. Therefore, Guarantee Restoration's allegation that Guarantee Restoration is a Louisiana corporation with its principal place of business in Louisiana should not be considered in determining whether there is diversity of citizenship between the parties.

15. In addition, the citizenship of Guarantee Restoration also cannot be considered for purposes of removal because it has been improperly joined as a defendant in this action. In the Petition, Jefferson Parish seeks insurance coverage. Guarantee Restoration is not an insurer and Jefferson Parish does not seek insurance coverage from Guarantee Restoration. In the Petition, Jefferson Parish does not allege any claim or cause of action against Guarantee Restoration. Rather, the Petition solely seeks insurance coverage from the Insurer Defendants. Guarantee Restoration, therefore, is a fraudulently joined party and its alleged citizenship should not be considered.

16. Accordingly, there is complete diversity of citizenship among plaintiff Jefferson Parish and all properly joined defendants.

## THE SUBJECT MATTER OF THE ACTION RELATES TO AN ARBITRATION AGREEMENT

17. Jefferson Parish's claims are subject to removal because they relate to an arbitration agreement.

18. The Swiss Re insurance contract and other insurance contracts issued by insurers to Jefferson Parish include an Arbitration Clause. The Arbitration Clause in the Swiss Re insurance contract expressly provides that: "All matters in difference between the Insured and the Companies (hereinafter referred to as the 'parties') in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out."

19. The "matters in difference," as described in the Arbitration Clause, are disputes and differences between Jefferson Parish and Swiss Re and all other insurers that participated on Jefferson Parish's insurance program, and include but are not limited to whether Jefferson Parish met the grant of coverage under the insurance contracts issued to Jefferson Parish, whether Jefferson Parish has provided satisfactory proofs of loss, whether it sustained a covered loss, whether it complied with the conditions of the insurance contracts issued to Jefferson Parish, whether and to what extent the exclusions and limitations of the insurance contracts apply to any alleged covered losses, and the adjustment of the claims by all insurers that participated on insurance contracts issued to Jefferson Parish.

20. In addition, the removal of the State Court Action is authorized by 9 U.S.C. § 205 falling under the Convention of the Recognition of Enforcement of Foreign Arbitral Awards

because certain insurers that issued insurance contracts to Jefferson Parish are foreign insurers.

**TIMELINESS**

21. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c).

22. The Petition in the State Court Action was filed on August 24, 2022. The Swiss Re has not been served with the Petition.

23. Swiss Re's time to answer or respond to the Petition has not expired, and Swiss Re has not served or filed an answer or response to the Petition. No motions or other proceedings in the State Court Action are pending in the State Court.

24. Removal, therefore, is being effectuated within 30 days of receipt of the Petition pursuant to 28 U.S.C. § 1446(b).

25. The Removal is also timely as it is filed within one year of the filing of the Petition.

**OTHER PROCEDURAL REQUIREMENTS**

26. No defendant has been served with the Petition. Therefore, no consents are required from defendants under 28 U.S.C. § 1446(b)(2)(A).

27. Promptly after the filing of this Notice of Removal, Swiss Re shall provide written notice of the removal to Jefferson Parish through their attorneys of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

28. A true and correct copy of the Petition, which is the sole pleading in this action, is attached as Exhibit A. No process, pleadings, orders have been served on defendants in the State Court Action.

29. Swiss Re reserves all rights, defenses and objections, including but not limited to the right to seek a stay or dismissal of this matter and compel arbitration and defenses and

objections relating to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

Dated: August 25, 2022            Respectfully Submitted,

By:    /s/ *Phillip J. Rew*
Bruce R. Hoefer, Jr. (#6889)
D. Russell Holwadel (#16975) T.A.
Phillip J. Rew (#25843)
Adams Hoefer Holwadel, LLC
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Tel.: (504) 581-2606
Fax: (504) 525-1488
Email: brh@ahhelaw.com
Email: drh@ahhelaw.com
Email: pjr@ahhelaw.com
*Attorneys for Defendant Swiss Re Corporation Solutions Capacity Insurance Corporation, formerly known as First Specialty Insurance Corporation*

Of counsel:

Aidan M. McCormack
Cyril E. Smith
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 335-4500
Fax (212) 335-4501
Email: aidan.mccormack@dlapiper.com
Email: cyril.smith@dlapiper.com
*Attorneys for Defendant Swiss Re Corporation Solutions Capacity Insurance Corporation, formerly known as First Specialty Insurance Corporation*

195508417